IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT, IN AND FOR
LEE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.:

THOMAS SERIO,

*Plaintiff*,

vs.

GREAT LAKES INSURANCE SE,

*Defendant*,

/

## COMPLAINT

Plaintiff, THOMAS SERIO, by and through undersigned counsel sues the Defendant, GREAT LAKES INSURANCE SE, and alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action for damages for greater than $50,000.00, exclusive of interest, costs, and attorney's fees.

2. At all times material hereto, Plaintiff was and is a resident of LEE County, Florida, and is otherwise sui juris.

3. At all material times hereto, Plaintiff owned the property insured by Defendant located at 12251 Harry St., Bokeelia, Florida 33922 (the "Property").

4. The policy of insurance sued upon was issued by Defendant to Plaintiff in LEE County, Florida.

5. Jurisdiction and venue are proper in LEE County, Florida.

ILG File #: 29901
Claim #: 222733
Case #:

6.  In consideration for the premiums paid to it, prior to September 28, 2022, Defendant issued an insurance policy number, JSW000164A, to Plaintiff for Plaintiff's property located at 12251 Harry St., Bokeelia, Florida 33922 in LEE County, Florida (the "Policy"). A copy of the Policy is attached hereto and incorporated herein as *Exhibit "A."*

7.  The Policy issued by Defendant included coverage for dwelling, other structures, personal property, and loss of use suffered by Plaintiff.

8.  At all times material hereto, including on September 28, 2022, the date of loss, the Policy was in full force and effect.

9.  Defendant's policy for the building and other structures portions of the Policy is a "Named Perils" policy that covers all direct physical losses to the Property damaged by specifically listed perils, which includes Hurricanes and other windstorms.

10. All conditions precedent to obtaining payment of insurance benefits under the Policy have been complied with, met, or waived.

11. At all times material hereto, Defendant was not immune from liability for breach of contract pertaining to insurance coverage.

## COUNT I – BREACH OF CONTRACT

12. Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 11 above.

13. This is a cause of action for breach of contract arising out of an insurance Policy that was in effect at the time of the loss to the insured Property.

14. On or about September 28, 2022, Plaintiff's property was damaged by Hurricane Ian, a covered loss (the "Loss").

15. The September 28, 2022 Loss caused Plaintiff to suffer economic damage to their property, including physical loss to dwelling, contents, and loss of use, and Plaintiff to suffer such damages. *See Estimate of Damage, attached as Exhibit "B."*

ILG File #: 29901
Claim #: 222733
Case #:

16. Plaintiff gave timely notice of the Loss and resulting damage to Defendant and/or its authorized agents, employees, or representatives.

17. Defendant responded to the Loss by assigning claim number 222733 (the "Claim").

18. Defendant was afforded the opportunity to fully inspect the Loss, investigate the cause of the Loss, and quantify the amount of the Loss.

19. Defendant did inspect the Loss and Property in its investigation of the Claim.

20. Defendant afforded coverage for the Claim.

21. Defendant determined that $128,266.13 was owed in policy benefits on the Claim (the "Partial Payment").

22. Defendant's Partial Payment of the Loss is an admission that the September 28, 2022 Loss is a covered loss under the Policy.

23. Through its determination that there were damages on the Claim, Defendant admitted liability for the Loss.

24. The amount of damages determined by Defendant is inadequate to perform the repairs needed to fix all damages caused by the Loss and to restore Plaintiff's Property to its pre-Loss condition.

25. Defendant breached the Policy by failing to pay the full amount of damages sustained by Plaintiff.

26. Defendant continues to refuse to pay the full amount of Plaintiff's covered Loss, despite Plaintiff's demands for full payment.

27. Plaintiff has been damaged as a result of Defendant's breach in the form of insurance benefits due and owing, plus interest, costs, and attorney's fees.

28. Plaintiff has retained the undersigned counsel to prosecute this action and is obligated to pay the undersigned counsel a reasonable attorney's fee.

29.     Plaintiff is entitled to recover reasonable attorney's fees from Defendant pursuant to <u>Fla. Stat. Section 627.428</u>, or in the alternative <u>Fla. Stat. Section 626.9373</u>, or any other applicable attorney's fees statute.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages together with interest, costs, and attorney's fees, and for such further relief this court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff herein demands a trial by jury of all issues so triable.

## CERTIFICATE

THIS COMPLAINT IS DATED AND SIGNED on December 6, 2023, and was filed by:

        INSURANCE LITIGATION GROUP, P.A.
        *Attorney for Plaintiff*
        <u>1500 N.E. 162nd Street</u>
        Miami, Florida 33162
        Telephone:  (786) 529-0090
        Facsimile:   (866) 239-9520
        E-Mail: service@ILGPA.COM

By:   /s/ Gregorie Dolce
      GREGORIE DOLCE, ESQ.
      FL Bar No. 78139
       YISROEL SILVERMAN, ESQ.
      FL Bar No. 1011445

ILG File #: 29901
Claim #: 222733
Case #: